980 F.2d 740
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stuart REINHARDT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael J. PALUMBO, Jr., Defendant-Appellant.
 Nos. 91-50561, 91-50562.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1992
Decided Nov. 25, 1992.
 
 Before BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Border Patrol agents were entitled to refer the defendants to the secondary checkpoint even without any particularized suspicion. United States v. Martinez-Fuerte, 428 U.S. 543 (1976); United States v. Barnett, 935 F.2d 178, 181-82 (9th Cir.1991). Had defendants shown that the agents were looking only for drug violations, not immigration violations, the result might be different. Id. at 181. But without some such evidence we won't infer the agents had an improper motivation. Id.
 
 
 3
 Reinhardt and Palumbo argue the agents should have let them go once the agents were satisfied they were citizens. But even citizens can smuggle aliens in their trunks, and the agents were entitled to investigate this possibility. Once the agents perceived that Reinhardt was nervous, that Palumbo wouldn't make eye contact even when spoken to, and that the car was riding low in the rear, I RT 25-26, they had the minimal suspicion needed to detain the car for a brief dog sniff (by a dog trained to detect both drugs and hidden people, I RT 30).[1] United States v. Taylor, 934 F.2d 218, 221 (9th Cir.1991), cert. denied, 112 S.Ct. 971 (1992) (dog sniff permissible on showing of "minimal, articulable suspicion," which could be based even on nothing more than the driver's nervousness).[2] Finally, once the dog alerted on the trunk, the agents had probable cause to search the car. United States v. Mondello, 927 F.2d 1463, 1471 (9th Cir.1991).
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We also note it was permissible for Agent Tangas to hold on to Reinhardt's driver's license. Sometimes taking a traveler's license or ticket may constitute a seizure of the traveler, see, e.g., Florida v. Royer, 460 U.S. 491, 501 (1983); United States v. Jordan, 951 F.2d 1278, 1282 (D.C.Cir.1991), because he isn't free to leave until the document is returned. But here Reinhardt was already not free to leave, something Martinez-Fuerte tells us is acceptable at a checkpoint. Holding on to his license therefore didn't change anything
 
 
 [2]
 Because the agents had the minimal suspicion needed to justify the dog sniff, we needn't consider whether Reinhardt's consent to the sniff was voluntary